UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW SALVETTI,

                                    Plaintiff,

                                                                    Case # 24-CV-6586-FPG

v.

                                                                    DECISION AND ORDER

HILLSIDE CHILDREN'S CENTER,

                                    Defendant.

## INTRODUCTION

Plaintiff Andrew Salvetti brings this employment discrimination action against his former employer, Defendant Hillside Children's Center ("Hillside"). ECF No. 1. He alleges that Hillside violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). ECF No. 1. Now before the Court is Hillside's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 14. Plaintiff opposes the motion. ECF No. 16. For the following reasons, Hillside's motion is GRANTED.

## LEGAL STANDARD

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time,

the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007). "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a motion to dismiss . . . if the defense appears on the face of the complaint." *Brightman v. Physician Affiliate Grp. of N.Y., P.C.*, No. 20-CV-4290, 2021 WL 1999466, at \*5 (S.D.N.Y. May 19, 2021) (internal quotation marks and citation omitted).

## DISCUSSION

Plaintiff worked at Hillside from January to April 2023. ECF No. 1-1 at 6. Plaintiff alleges that, during his tenure, he was subjected to discrimination based on characteristics protected under state and federal law—namely, his sexual orientation, OCD, and bipolar disorder—and also "suffered retaliation [for] engaging in a protected activity." ECF No. 1 at 3. In October 2024, Plaintiff, acting *pro se*, filed the present action. He alleges several violations of Title VII, the ADA, and the NYSHRL, including discriminatory termination, retaliation, hostile work environment, and failure to provide reasonable accommodations. *See id.* at 3-4.

Hillside move to dismiss the complaint, alleging that Plaintiff has failed to plead sufficient allegations to substantiate any of his claims. ECF No. 14. Plaintiff, now represented by counsel, ECF No. 4, opposes the motion and requests leave to file an amended complaint. *See* ECF No. 16 at 11-12.

The Court grants Hillside's motion to dismiss. Plaintiff's complaint is vague and conclusory—which, given his *pro se* status, is understandable. Among other things, Plaintiff asserts that he was terminated on the basis of his sexual orientation and disabilities; did not receive sufficient accommodations for his disabilities; was subjected to unidentified homophobic slurs;

was treated adversely after disclosing his bipolar disorder; was fired shortly after making an unidentified "inquiry" with the EEOC; and was retaliated against for complaining about discrimination.  *See, e.g.*, ECF No. 1 at 1-6; ECF No. 1-1 at 6.  But Plaintiff provides few underlying facts to support these vague claims and legal conclusions.  Without more, Plaintiff's complaint cannot state a plausible entitlement to relief sufficient to avoid dismissal.  *See, e.g.*, *Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (summary order) ("[M]erely conclusory allegations masquerading as factual conclusions[] . . . are insufficient to defeat a motion to dismiss."); *Morales v. N.Y.U.*, No. 22-CV-6452, 2024 WL 1259389, at *3 (E.D.N.Y. Mar. 25, 2024) ("[A]llegations . . . that are so conclusory that they fail to give notice of the basic events and circumstances of which plaintiff complains are insufficient as a matter of law."); *Mead v. Greeen Mountain Transit*, No. 20-CV-71, 2020 WL 6499838, at *3 (D. Vt. Nov. 5, 2020) ("[The employee] essentially claims that [his employer] violated his rights, but he fails to include any animating facts about the incidents giving rise to the alleged violations.  In the absence of factual allegations, the court cannot determine whether he has a plausible entitlement to relief." (internal quotation marks and brackets omitted)).

To give Plaintiff an opportunity to remedy these defects, the Court will grant his request for leave to amend.  *See* ECF No. 16 at 11-12.  "A pro se complaint should not be dismissed without [] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013) (internal quotation marks and brackets omitted).  In this case, while Plaintiff's complaint lacks the necessary factual context to support any claim for relief, the Court cannot say that no claim could ever be stated—particularly now that Plaintiff has the assistance of counsel.

Given the possibility that Plaintiff may be able to present additional allegations to support his claims, the Court grants Plaintiff leave to amend his complaint, as set forth below.

## CONCLUSION

For the reasons discussed above, Hillside's motion to dismiss (ECF No. 14) is GRANTED. Plaintiff may file an amended complaint by October 23, 2025.  If Plaintiff does not file an amended complaint by that date, his complaint will be dismissed with prejudice, and the case will be closed.

IT IS SO ORDERED.

Dated:  September 23, 2025
        Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York