UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANDREW SALVETTI,

                                    Plaintiff,

                                                        Case # 24-CV-6586-FPG

v.

                                                        DECISION AND ORDER

HILLSIDE CHILDREN'S CENTER,

                                    Defendant.

**INTRODUCTION**

Plaintiff Andrew Salvetti brings this employment discrimination action against his former employer, Defendant Hillside Children's Center ("Hillside"). ECF No. 19 ("Amended Complaint"). He alleges that Defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act of 1990 ("ADA"), and the New York State Human Rights Law ("NYSHRL"). *Id.* at 3. Now before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 22. Plaintiff opposes the motion. ECF No. 26. For the following reasons, Defendant's motion is GRANTED.

**LEGAL STANDARD**

A complaint will survive a motion to dismiss under Rule 12(b)(6) when it states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A claim for relief is plausible when the plaintiff pleads sufficient facts that allow the Court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. In considering the plausibility of a claim, the Court must accept factual allegations as true and draw all reasonable inferences in the

1

plaintiff's favor. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011). At the same time, the Court is not required to accord "[l]egal conclusions, deductions, or opinions couched as factual allegations . . . a presumption of truthfulness." *In re NYSE Specialists Secs. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted).

## BACKGROUND

Plaintiff, an openly gay man, worked at Hillside from January to April 2023. ECF No. 19 at 1-2. Plaintiff alleges that, during his time at Hillside, he was subjected to discrimination based on characteristics protected under state and federal law—namely, his sex and/or gender, sexual orientation, obsessive-compulsive disorder ("OCD"), and bipolar disorder—and also suffered retaliation. *Id.* at 8-11. In October 2024, Plaintiff, acting *pro se*, filed a complaint alleging several violations of Title VII, the ADA, and the NYSHRL, including discriminatory termination, retaliation, hostile work environment, and failure to provide reasonable accommodations. ECF No. 1 at 1-2. In response to Plaintiff's *pro se* complaint, ECF No. 1, Defendant filed a Motion to Dismiss for failure to state a claim, ECF No. 14, which this Court granted, ECF No. 18. This Court also provided Plaintiff leave to amend his complaint. *Id.* Plaintiff, through counsel, then filed an Amended Complaint. ECF No. 19. Plaintiff again alleges several violations of Title VII, the ADA, and the NYSHRL, including discriminatory termination, retaliation, hostile work environment, and failure to provide reasonable accommodation. *Id.* at 8-11. Defendant moves to dismiss the complaint, alleging that Plaintiff has failed to plead sufficient allegations to substantiate any of his claims. ECF No. 22-1. Plaintiff opposes the motion. *See* ECF No. 26 at 11-12.

## DISCUSSION

Plaintiff asserts six claims for relief: (1) disability discrimination, in violation of the ADA, ECF No. 19 at 8-9; (2) failure to provide reasonable accommodation, in violation of the ADA, *id.*

at 9; (3) sex and/or gender discrimination, in violation of Title VII, *id.* at 8; (4) sexual orientation discrimination, in violation of the NYSHRL, *id.* at 10-11; (5) retaliation, in violation of Title VII, *id.* at 8; (6) and retaliation, in violation of the NYSHRL, *id.* at 9-10. Plaintiff's Amended Complaint is again vague and conclusory. The Court grants Defendant's motion to dismiss for failure to state a claim.

### I.   Disability Discrimination and Failure to Provide Reasonable Accommodation, in Violation of the ADA (Claims #3 and #4)

Plaintiff brings claims of disability discrimination and failure to provide reasonable accommodation, in violation of the ADA. ECF No. 19 at 8-9. "It is well settled under federal law that the ADA requires more than a diagnosis of a condition for a person to be considered disabled as that term is defined under the Act." *Smeraldo v. Jamestown Pub. Schs.*, No. 21-CV-578, 2023 WL 424490, at *9 (W.D.N.Y. Jan. 26, 2023) (brackets omitted). "A plaintiff must do more than simply allude to his impairments in his pleading; he must plead *how* those impairments significantly impact his major life activities." *Id.* (citation modified) (dismissing complaint for failing to state a claim where Plaintiff had not pleaded facts from which the Court could infer that Plaintiff's impairments limited him in a significant way).

Here, Plaintiff merely asserts, without more, that "[he] was diagnosed with Bipolar Disorder and Obsessive Compulsive Disorder (commonly referred to as 'OCD')." ECF No. 19 at 1. While he alludes to needing breaks and argues that "there was no accommodation provided to [him] [by Defendant]," *id.* at 4, Plaintiff does not sufficiently plead that his need for breaks was connected to his diagnosis or how his disabilities impacted his major life activities. *See Smeraldo*, 2023 WL 424490, at *9. As such, this Court concludes that Plaintiff has not sufficiently pleaded that he suffered from a disability under the ADA, and thus, this Court need not reach the question

as to whether Plaintiff experienced discrimination due to his disability, disparate treatment, *id.* at 4, or whether Defendant failed to provide him with a reasonable accommodation.

## II.    Sex and/or Gender Discrimination, in Violation of Title VII (Claim #1) and Sexual Orientation Discrimination, in Violation of the NYSHRL (Claim # 6)

Plaintiff brings claims that he suffered from sex and/or gender discrimination and a hostile work environment, in violation of Title VII, ECF No. 19 at 8, and that he suffered from sexual orientation discrimination and disparate treatment, in violation of the NYSHRL, *id.* at 9-10. Plaintiff points to statements by residents and employees to support these claims.

The first statement was when a resident introduced herself as "the unit faggot." *Id.* at 5. The second statement, which Plaintiff characterizes as "that same homophobic slur," was said by a different resident and was directed to Plaintiff. *Id.* Plaintiff further alleges that employee Bri France ("France") told Plaintiff not to talk about his partner, and that employee Michael Hutchings ("Hutchings") told Plaintiff to "'keep it appropriate' by not mentioning that [Plaintiff] had a male partner." *Id.* Additionally, Plaintiff claims that Juan Canto ("Canto"), a Human Resources partner, told him to "stop talking about his personal life at work" and to "stop having any discussions that would indicate that he was not heterosexual." *Id.* at 7. Plaintiff takes issue with Jennifer Smith ("Smith"), whose role as resident or employee is not specified by Plaintiff in his pleadings, because she told him to "go to hell." *Id.* at 6.  Plaintiff also alleges that he was "written up" for contacting management while management was off duty, yet "other employees continued to contact management while off duty without any repercussion." *Id.* The Court analyzes these allegations as they pertain to Title VII and the NYSHRL, below.

### a.  Title VII

Plaintiff brings claims pursuant to Title VII under two different theories: (1) sex and/or gender discrimination; and (2) hostile work environment based on sex and/or gender. *Id.* at 8. The

Court discusses each in turn.  Title VII prohibits discrimination in employment "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "To make out a Title VII discrimination claim, a [plaintiff] must show some harm respecting an identifiable term or condition of employment." *Muldrow v. City of St. Louis*, 601 U.S. 346, 354-55 (2024). In determining whether a remark is probative of discriminatory intent, the Court considers who made the remark, when the remark was made in relation to the employment decision at issue, the content of the remark, and the context in which the remark was made. *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2019 WL 3202747, at *5 (S.D.N.Y. July 16, 2019) (citing *Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010) (collecting cases). "Courts in the Second Circuit routinely dismiss discrimination claims where the only allegations made in support are stray remarks by non-decisionmakers wholly unconnected to the adverse employment action underlying the claim." *Ahmad*, 2019 WL 3202747, at *5; *see also Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 249 (E.D.N.Y. 2015) (granting motion to dismiss where the plaintiffs "fail[ed] to allege that any of the named [i]ndividual ... [d]efendants or anyone with control over the decision to fire [the plaintiff] made [the alleged discriminatory] comments").

To establish a hostile work environment under Title VII, a Plaintiff must allege that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015). "[Courts] must consider the totality of the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere

offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 321 (internal quotations omitted).

Here, under his first theory that he was discriminated based on sex and/or gender under Title VII, Plaintiff alleges few specific comments by Defendant Hillside personnel, and further, Plaintiff fails to connect them to his termination. The first two statements that Plaintiff takes issue with are said by residents, not employees of Defendant. *See Ahmad*, 2019 WL 3202747, at *5 (dismissing discrimination claim where the only allegations made in support are stray remarks by non-decisionmakers wholly unconnected to the adverse employment action underlying the claim). Additionally, Plaintiff fails to allege whether Smith, who is described as a Youth Care Professional III, had any decision-making authority with respect to personnel decisions or whether she was involved in Plaintiff's termination. ECF No. 19 at 6. Plaintiff also does not allege whether France or Canto had any decision-making authority with respect to personnel decisions or whether they were involved in Plaintiff's termination. *See id.* at 5,7. Because Plaintiff does not provide crucial context or sufficiently allege whether such comments were connected to his termination, he fails to sufficiently allege discrimination on the basis of sex and/or gender under Title VII.

When it comes to Plaintiff's second theory, that he was subject to a hostile work environment, Plaintiff has failed to allege that the complained-of comments made were related to his sexual orientation and did not explain the context of the remarks. As such, this Court concludes that he has not met the "severe or pervasive" hostile work environment standard under Title VII because he does not describe actions that were so permeated with discriminatory intimidation, ridicule, and insult. *See Littlejohn*, 795 F.3d at 320-21; *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." (citation and internal quotation marks

6

omitted)). Because Plaintiff has only alleged stray remarks by non-decisionmakers unconnected to the adverse unemployment action, *See Ahmad*, 2019 WL 3202747, at *5, this Court concludes that Plaintiff did not sufficiently allege discrimination on the basis of sex and/or gender under Title VII.

### b. NYSHRL

Plaintiff brings claims pursuant to the NYSHRL under two different theories: (1) sexual orientation discrimination, including hostile work environment; and (2) disparate treatment. ECF No. 19 at 11. Both are discussed below.

The NYSHRL prohibits employers from discriminating based on one's sexual orientation. N.Y. Exec. Law § 296(1)(a). "The NYSHRL prohibits an employer from, *inter alia*, 'discharg[ing] from employment' or 'discriminating against an individual in compensation or in terms, conditions or privileges of employment' '*because* of' an individual's . . . sexual orientation . . . ." *Meckeler v. Cornell Univ.*, No. 23-CV-773, 2024 WL 3535488, at *5 (N.D.N.Y. July 25, 2024) (emphasis added) (citation modified). Stray remarks, without more, do not constitute evidence of discrimination pursuant to the NYSHRL. *Brown* v. New York City Hum. Res. Admin. No. 23-CV-9113, 2026 WL 880380, at *8 (S.D.N.Y. Mar. 31, 2026).

Here, as discussed above, Plaintiff does not plausibly allege that he was treated unfavorably *because* of his sexual orientation and he fails to allege that the remarks, which this Court characterizes as stray, were made by decision-makers. *See Lively v. WAFRA Investment Advisory Group, Inc.*, 6 F.4th 293, 306 (2d Cir. 2021) (holding that stray remarks are insufficient to raise an inference of discriminatory motive unless they were "made repeatedly," "drew a direct link between the discriminatory stereotypes and the adverse employment decision," and were made by a decision-maker (brackets omitted)).

"Hostile work environment claims under both [federal law] and the NYSHRL are governed by the same standard." *Cherry v. New York City Hous. Auth.*, 564 F. Supp. 3d 140, 181 (E.D.N.Y. 2021). As explained earlier, to establish a hostile work environment claim, a plaintiff must "show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult[ ] that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at 181 (quoting *Duplan v. City of New York*, 888 F.3d 612, 627 (2d Cir. 2018)). Here, Plaintiff alleges that "as a result of [his] sexual orientation, he suffered adverse employment actions and [was] subjected to a hostile work environment." ECF No. 19 at 11. However, Plaintiff fails to sufficiently allege that his workplace was permeated with discriminatory intimidation, ridicule and insult sufficiently severe or pervasive to alter the conditions of his employment. As such, Plaintiff has failed to sufficiently state a claim for a hostile work environment under the NYSHRL.

For a disparate treatment claim under the NYSHRL, "a plaintiff can raise an inference of discrimination by demonstrating the disparate treatment of similarly situated employees but must show he was similarly situated in all material respects to the individuals with whom [he] seeks to compare himself." *Roenick v. Flood*, No. 20-CV-7213, 2021 WL 2355108, at *5 (S.D.N.Y. June 9, 2021) (internal brackets omitted). Here, Plaintiff alleges that he suffered disparate treatment by Defendant, in violation of the NYSHRL[1], when he was "written up" for contacting management while management was off duty although "other employees continued to contact management while off duty without repercussions." ECF No. 19 at 6. However, Plaintiff does not identify who wrote him up nor does he identify who the "other employees" that contacted management without

---

[1] The Court construes Plaintiff's disparate treatment claim under the NYSHRL. Nevertheless, even had he brought the disparate treatment claim under Title VII, the analysis would be the same. *See Lambert v. Trump Int'l Hotel and Tower*, 304 F. Supp. 3d 405, 420 (S.D.N.Y. 2018).

repercussions were and whether they were inside or outside of Plaintiff's protected class. *See Blige v. City Univ. of New York*, No. 15-CV-8873, 2017 WL 498580, at *9 (S.D.N.Y. Jan. 19, 2017) ("Numerous courts within the Second Circuit have granted motions to dismiss disparate treatment claims where the complaint was entirely devoid of any details regarding the purported comparators, *e.g.*, who they are, what their positions or responsibilities were at [the defendant employer], how their conduct compared to plaintiff[']s or how they were treated differently by defendants."), *report and recommendation adopted*, 15-CV-8873, 2017 WL 1064716 (S.D.N.Y. Mar. 21, 2017).

As such, the Court concludes that Plaintiff has not sufficiently alleged a sexual orientation discrimination or disparate impact claim, in violation of the NYSHRL.

### III.    Retaliation, in Violation of Title VII and the NYSHRL (Claims # 2 and #5)

Plaintiff brings claims of retaliation, in violation of Title VII and the NYSHRL. ECF No. 19 at 8, 9. "To survive a motion to dismiss a retaliation claim under Title VII or the NYSHRL, a plaintiff must allege '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Small v. New York City Dep't of Educ.*, 650 F. Supp. 3d 89, 102 (S.D.N.Y. 2023) (quoting *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 309 (2d Cir. 2017)). The Court concludes that Plaintiff has failed to sufficiently allege retaliation under Title VII or the NYSHRL.

In his claim for retaliation in violation of Title VII, Plaintiff asserts that he engaged in protected activity when he complained of discrimination in the workforce and that Defendant failed to provide a work environment free from discrimination and retaliation. ECF No. 19 at 8. In his claim of retaliation in violation of the NYSHRL, Plaintiff alleges that he made complaints about "discrimination in the workplace" and was retaliated against on account of his disability and

sexual orientation. *Id.* at 9-10. He also alleges that, in retaliation, he was "subjected [] to adverse employment actions, including a hostile work environment and termination." *Id.* at 10.

Plaintiff's allegations of "protected activity" are vague and conclusory. Plaintiff does not provide specifics about how such activity constituted protected activity under to Title VII or the NYSHRL. *See id.* at 6, 7, 8, 10. For example, Plaintiff writes: "Although [Plaintiff] was told by management to report his concerns, he was disciplined when he did so." *Id.* at 6. However, Plaintiff provides no specificity as to what concerns he reported and how he was subsequently disciplined. As another example, Plaintiff writes: "[Plaintiff] was a mandatory reporter. [Plaintiff] made mandatory reporting phone calls about abuse and neglect that he was advised had to go through management first. When [Plaintiff] made the required mandated phone calls directly, management was livid." *Id.* at 7. Once again, Plaintiff fails to connect his mandatory reporting to any protected activity under Title VII or the NYSHRL. In fact, it appears that he is simply discussing his role as a mandated reporter, which is a job duty. And finally, Plaintiff writes: "Plaintiff engaged in protected activity when he complained of discrimination in the workplace." *Id.* at 8, 10. Yet again, Plaintiff fails to show that he complained about conduct that is specifically protected by Title VII or the NYSHRL.

Plaintiff also fails to allege a causal connection between the purported protected activity and the adverse employment action. "To establish a causal connection between the protected activity and the hostile work environment, some increase in the discrimination or harassment—either a ratcheting up of the preexisting behavior, or new, additional forms of harassment—must occur for the employee to make out a viable retaliation claim." *Molina v. John Jay Inst. for Just. & Opportunity/City Univ. of New York*, No. 23 CIV. 1493 (DEH), 2024 WL 4276913, at *11 (S.D.N.Y. Sept. 24, 2024) (internal quotation marks omitted). Plaintiff does not allege that the

10

purported hostile work environment that he endured increased in severity as a result of his complaints. *See* ECF No. 19 at 3-11. Without more, Plaintiff's complaint cannot state a plausible entitlement to relief sufficient to avoid dismissal. *See, e.g.*, *Jackson v. Cnty. of Rockland*, 450 F. App'x 15, 19 (2d Cir. 2011) (summary order) ("[M]erely conclusory allegations masquerading as factual conclusions . . . are insufficient to defeat a motion to dismiss.").

## IV.    Leave to Amend Denied

Previously, in its first Decision and Order, ECF No. 18, this Court granted Plaintiff, who had originally filed a complaint *pro se*, ECF No. 1, leave to amend and replead his claims against Defendant. Plaintiff then retained counsel, who filed an Amended Complaint. ECF No. 19. As Plaintiff has already amended his complaint, the Court declines to give Plaintiff yet another opportunity to amend his federal claims. *See Ekeoma v. City of New York*, No. 23-CV-946, 2025 WL 2952562, at *3 (E.D.N.Y. Oct. 8, 2025) ("[A] plaintiff will not be granted endless chances to amend a complaint" (internal quotation marks omitted)). A court need not give a plaintiff "an opportunity to amend his or her pleading before dismissing that pleading for failure to state a claim[ ] . . . where, as here, the plaintiff has already been afforded the opportunity to amend his [] pleading." *Bratton v. Fitzpatrick*, No. 12-CV-204, 2012 WL 4754558, at *2 (N.D.N.Y. Oct. 4, 2012). Indeed, because Plaintiff failed to take advantage of his opportunity to substantiate his legal claims with sufficient factual allegations and claims, *see* ECF No. 19, the Court concludes that "any attempt to replead would be futile." *Doroz v. Delorio's Foods, Inc.*, 437 F. Supp. 3d 140, 159 (N.D.N.Y. 2020). As such, all of Plaintiff's claims are dismissed with prejudice.

**CONCLUSION**

For the reasons discussed above, Defendant's motion to dismiss (ECF No. 22) is GRANTED. Plaintiff's Amended Complaint, ECF No. 19, is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 10, 2026
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York